ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID ZAMOS, II, | ) |
| | ) CASE NO. 5:06CV1035 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge John R. Adams |
| | ) |
| SBC OHIO, INC., *et al.* | ) MEMORANDUM OPINION & ORDER |
| | ) [Resolving Doc. 40] |
| Defendants. | ) |
| | ) |

Before the Court is a motion for summary judgment filed by Defendants Asset Acceptance, LLC, Gina Jajo and Kenneth Proctor. According to Defendants, summary judgment is proper as to all of pro se Plaintiff David Zamos, II's claims against them.[1] Specifically, Defendants argue that summary judgment is appropriate for the following reasons: (1) Jajo and Proctor have not been served; (2) Plaintiff's federal claims are barred by res judicata; and (3) there is no evidence to support Plaintiff's state law claims under the Ohio Consumer Sales Practices Act and to support his claims for conspiracy, fraudulent misrepresentation, conversion, quantum meruit, unjust enrichment, breach of contract, intentional infliction of emotional distress, and defamation. Plaintiff has not opposed Defendants' motion, despite being given an appropriate amount of time within which to do so.[2] As such, the motion is ripe for the Court's review.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

[1] See Defendants' Motion for Summary Judgment (ECF Doc. 40) for a summary of the facts and history of this case and of the related case that Plaintiff previously filed.

[2] See the Court's Order dated February 21, 2007 (ECF Doc. 43) regarding Plaintiff's refusal to provide the Court with his correct address. Although the Court finds summary judgment appropriate, dismissal would otherwise be proper as well for want of prosecution. *See generally Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (noting that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay.").

to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be granted if the party who bears the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex v. Catrett*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintella of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting *Anderson v. Liberty Lobby*, 477 U.S. at 248-49). Moreover, if the evidence is "merely colorable" and not "significantly probative," a court may decide the legal issue and grant summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. at 249-50 (citation omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-moving party. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). As a general matter, the district court considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The court's sole function is to determine whether there is a genuine factual issue for trial. *Id.* This does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for this party." *Id.* In other words, summary judgment is appropriate where there are no genuine issues of fact. *Id.* at 250.

Where, as here, a motion for summary judgment is unopposed, the district court at a minimum must examine the motion to ensure that the moving party has discharged its initial burden of demonstrating the absence of a genuine issue of material fact. *Guarino v. Brookfield Township Trs.,* 980 F.2d 399, 407 (6th Cir. 1992). The court must intelligently and carefully

2

review the legitimacy of the motion, considering the possibility of evidentiary misstatements by the moving party and keeping in mind the context in which the evidence arose. *Id.*

Notwithstanding the foregoing, the trial court properly relies on the facts provided by the moving party once the court is satisfied that the movant has not misrepresented the facts as established by the record as a whole. *Id.* at 404-09.  The Sixth Circuit has explained that nothing in the Federal Rules of Civil Procedure or case law supports an argument that the district court must conduct its own probing investigation of the record in order to discover an issue of material fact when a summary judgment motion is unopposed. *Id.* at 405-06 (holding that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion").  Thus, the district court is justified in relying on uncontested facts set forth in a summary judgment motion. *Id.* at 404-09.

In this case, the Court has reviewed Defendants' motion and applied the above-stated standard.  And, in doing so, the Court finds Defendant's motion well-taken for the reasons stated therein.  Defendants' Motion for Summary Judgment, therefore, is GRANTED and Plaintiff's claims are dismissed.

IT IS SO ORDERED.

   March 28, 2007                                    *s/John R. Adams*
Date                                                  John R. Adams
                                                              U.S. District Judge